IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTINA MARIE BLUNDON,

               Plaintiff,

    v.

JUDGE LADD WILES,

               Defendant.

Case No. 3:25-cv-00838-AB

OPINION & ORDER

**BAGGIO, District Judge:**

*Pro Se* Plaintiff Christina Marie Blundon brings this case under 42 U.S.C. § 1983 against Defendant Yamhill County Circuit Court Judge Ladd Wiles. Plaintiff brings three claims: (1) denial of due process under the Fourteenth Amendment; (2) violation of the Equal Protection Clause under the Fourteenth Amendment; and (3) retaliation for protected speech under the First Amendment. Compl. 6-7, ECF No. 1; Pl.'s Resp. Mot. Dismiss ("Pl.'s Resp.") 1, ECF No. 10.

Defendant moves to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Def.'s Mot. Dismiss ("Def.'s Mot.") 2, ECF No. 4. For the following reasons, the Court grants in part and denies in part Defendant's Motion to Dismiss and dismisses Plaintiff's Complaint with prejudice.

## BACKGROUND

Plaintiff's Complaint arises out of actions allegedly taken by Defendant in Yamhill County Circuit Court while presiding over a domestic relations case involving Plaintiff and her children. Compl. 6. Plaintiff alleges that "Defendant's actions collectively represent a pattern of judicial misconduct and constitutional violations, including[]" denial of due process, "[a]rbitrary interference with fundamental parental rights," discriminatory or unequal treatment, and retaliation for protected speech. Compl. 7. Plaintiff seeks "[c]ompensatory damages in the amount of $750,000 for emotional and psychological injuries, [r]easonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, [a]nd such other relief as the Court deems just and proper[,]" including equitable or injunctive relief. Compl. 7, 9.

In her first claim for relief, Plaintiff alleges that Defendant violated her right to procedural due process when, "without providing Plaintiff with adequate notice or a meaningful opportunity to be heard, [Defendant] undertook actions resulting in the interference with Plaintiff's parental rights and custodial relationship." Compl. 6. Specifically, Plaintiff alleges that Defendant "demonstrated a pattern of judicial prejudice toward Plaintiff in prior proceedings, including . . . consistently unfavorable rulings unsupported by evidence, refusing to consider exculpatory evidence, and dismissive treatment of Plaintiff's procedural objections." Compl. 6. As a result of such conduct, Plaintiff alleges that she and her children "suffered severe

and ongoing emotional distress, mental anguish, and psychological trauma, requiring counseling, therapy, and support services." Compl. 6.

In Plaintiff's second claim—violation of the Equal Protection Clause under the Fourteenth Amendment—Plaintiff alleges that she "was treated differently than similarly situated parents in custody or visitation disputes." Compl. 6 (asserting that "[w]hile other litigants were granted hearings, fair evidentiary consideration, and impartial review, Plaintiff's access to due process was curtailed or denied altogether"). "Such differential treatment[,]" Plaintiff concludes, "absent a rational or legal basis . . . constitutes a violation of the Equal Protection Clause." Compl. 6.

In Plaintiff's third claim for retaliation under the First Amendment, Plaintiff alleges that she "experienced increasingly hostile, adverse, and punitive actions by . . . Defendant[]" after engaging in protected activity. Compl. 7. Specifically, Plaintiff alleges that Defendant placed "further restrictions on [Plaintiff's] parental rights" and denied Plaintiff "meaningful access to the court[]" in response to Plaintiff "filing judicial complaints and pursuing appellate review." Compl. 7.

## STANDARDS

### I.    Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts "presume[] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citation omitted). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630

(2002). An "objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (internal citation omitted). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack . . . , the district court may review evidence beyond the complaint . . . ." *Id.*

## II.    Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the Court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of their "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct . . . ." *Id*. at 679.

Courts must liberally construe *pro se* pleadings. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Additionally, a court cannot dismiss a *pro se* complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a *pro se* complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

Defendant raises three arguments in his Motion to Dismiss: (1) the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; (2) the Court lacks subject matter jurisdiction under *Younger* abstention; and (3) Plaintiff fails to state a claim for relief because Defendant has absolute judicial immunity from civil liability. Def.'s Mot. 2. While the Court finds it has jurisdiction over this case, the Court agrees with Defendant that he is entitled to absolute judicial immunity from suit for the actions alleged in Plaintiff's Complaint. Therefore, the Court dismisses this case with prejudice.[1]

///

///

---

[1] Defendant also argues that he is entitled to immunity from suit under the Eleventh Amendment. Def.'s Mot. 2. The Court, however, declines to address this argument because it finds that Defendant is entitled to absolute judicial immunity.

## I.    The *Rooker-Feldman* Doctrine

Defendant argues the Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine because "Plaintiff in her Complaint seeks this Court to review and provide a remedy for final state-court judgments that Plaintiff believes affected the custody and visitation rights of Plaintiff's children." Def.'s Mot. 6. The Court disagrees.

Under the *Rooker-Feldman* doctrine, federal district courts "are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). "*Rooker-Feldman* applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment." *Miroth v. Cnty. of Trinity*, 136 F.4th 1141, 1151 (9th Cir. 2025) (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004)). *Rooker-Feldman* "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Moreno v. Murphy*, No. CV-25-00971-PHX-DJH, 2025 WL 2107647, at *2 (D. Ariz. July 28, 2025) ("*Rooker-Feldman* does not bar jurisdiction where the federal court plaintiff is simply complaining of a 'legal injury caused by an adverse party'; it instead bars jurisdiction if the federal plaintiff is complaining of 'a legal injury caused by a state court judgment.'" (quoting *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003))).

In *Miroth*, "the state court permanently terminated the [plaintiffs'] parental rights . . . ." 136 F.4th at 1145. The plaintiffs sued in federal court "assert[ing] various claims under 42 U.S.C. § 1983 and California law." *Id.* In their request for relief, the plaintiffs asked the district court to reverse the termination of their parental rights. *Id.* Under *Rooker-Feldman*, the

district court dismissed the plaintiffs' complaint. *Id.* The plaintiffs later amended their complaint

but "this time dropped any request to reinstate their parental rights." *Id.* "Instead, they sought

only money damages under § 1983 and state law." *Id.* Under *Rooker-Feldman*, the district court

again dismissed the plaintiffs' federal claims, reasoning that the "lawsuit remained a forbidden

de facto appeal of a state court judgment," i.e., the plaintiffs were "still essentially ask[ing] the

court to review the rulings of the state court and find they were in error . . . ." *Id.* (internal

quotation marks omitted).

      On appeal, however, the Ninth Circuit disagreed. The court reasoned, among other

things, that "seeking relief from a state court judgment, which can implicate *Rooker-Feldman*, is

not the same thing as seeking relief that would ameliorate the effects of an adverse state court

judgment." *Id.* at 1154 (citation modified). Thus, because the plaintiffs' complaint did not ask the

federal court to "reinstate [their] parental rights or vacate or otherwise reverse the state court

orders," the court held that *Rooker-Feldman* did not apply. *Id.* at 1155; *see also id.* at 1157

("[W]hat the [plaintiffs] are seeking here is different; they are not requesting the return of their

children.").

      Turning to Plaintiff's Complaint, Plaintiff, like the plaintiffs in *Miroth*, does not seek

relief from Defendant's state court rulings: "Plaintiff is not asking this Court to review, overturn,

or vacate any ruling made by the Oregon state courts." Pl.'s Resp. 10 (emphasis omitted).

Plaintiff instead seeks redress for Defendant's alleged constitutional "violations and any

resulting injuries, including emotional harm, harm to the parent-child relationship, [and]

financial burdens related to counseling and reunification . . . ." Compl 7. Defendant counters that

Plaintiff's allegations, "[b]y inference, . . . [request] this Court to review and provide a remedy

for final state-court judgments . . . ." Def.'s Mot. 6. However, Defendant's argument misses the

mark. As the *Miroth* court held, "seeking relief from a state court judgment . . . is not the same thing as seeking relief that would ameliorate the effects of an adverse state court judgment." 136 F.4th at 1154 (citation modified). Here, Plaintiff is seeking relief—in the form of compensatory damages—to ameliorate the effects of an adverse state court judgment—not to overturn the state court judgment. *See* Compl. 9 (requesting compensatory damages in the amount of $750,000). Plaintiff is "complaining of a legal injury caused by" Defendant. *Moreno*, 2025 WL 2107647, at *2. Accordingly, Plaintiff's Complaint is not barred by the *Rooker-Feldman* doctrine. *Compare Haskell v. Fadem*, No. 24-CV-09305-PCP, 2025 WL 2482236, at *4 (N.D. Cal. Aug. 27, 2025) (holding that *Rooker-Feldman* did not apply because the plaintiff sought "damages instead of an express overturning of the state court judgment"), *with Moreno*, 2025 WL 2107647, at *2 (holding that *Rooker-Feldman* applied because the plaintiff's request for an injunction essentially asked the court to undo the state court's decision).[2]

## II.    *Younger* Abstention

Defendant argues that "[t]o the extent . . . Plaintiff asserts claims seeking relief that would interfere with pending state civil proceedings," the Court lacks subject matter jurisdiction under *Younger* abstention. Def.'s Mot. 8. The Court agrees that *Younger* abstention applies.

---

[2] To the extent Plaintiff's appeal to the Oregon Court of Appeals involves the federal constitutional claims raised in Plaintiff's Complaint, *see* Compl. 6 ("Plaintiff is currently seeking relief in the Oregon Court of Appeals from multiple prior rulings rendered by the same judge or court in question, alleging that those rulings were tainted by bias, violated due process, and caused harm to Plaintiff's parental rights and family integrity."), *Rooker-Feldman* again does not apply, *see Mothershed v. Justs. of Supreme Ct.*, 410 F.3d 602, 604 n.1 (9th Cir. 2005) ("*Rooker-Feldman* . . . is only operative where a federal suit is initiated after state court proceedings have ended . . . [and] [p]roceedings end . . . when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum, even if other issues remain pending at the state level.").

*Younger* abstention reflects a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41 (1971). "For civil cases, *Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *Yelp Inc. v. Paxton*, 137 F.4th 944, 950-51 (9th Cir. 2025) (internal quotation marks omitted). While *Younger* abstention typically applies to federal actions seeking injunctive or declaratory relief, it can also extend to actions for damages under 42 U.S.C. § 1983 in which the suit turns on constitutional issues "such that a federal court's decision on the merits . . . would have the same practical effect on the state proceeding as an injunction." *Gilbertson v. Albright*, 381 F.3d 965, 979, 982 (9th Cir. 2004) (en banc). In such situations, the federal court should stay—rather than dismiss—the action until the "state proceeding is no longer pending." *Id.* at 981.

Here, although "Plaintiff does not request an order that would enjoin, revise, or disrupt the state custody proceedings[,]" Pl.'s Resp. 12, Plaintiff's Complaint turns on constitutional issues that "go to the heart" of her state proceedings, such that resolution on the merits "would have the same practical effect . . . as an injunction," *Gilbertson*, 381 F.3d at 982. Plaintiff's Complaint alleges violations of procedural due process under the Fourteenth Amendment, violation of the Equal Protection Clause under the Fourteenth Amendment, and retaliation for protected speech under the First Amendment. Compl. 6-7. Thus, if the four requirements for *Younger* abstention apply, the Court should stay Plaintiff's Complaint pending resolution of Plaintiff's state custody proceedings.

Here, *Younger* principles apply. Plaintiff's state custody proceedings are ongoing because she has appealed Defendant's rulings to the Oregon Court of Appeals. Compl. 6; Pl.'s Resp. 2; *see Gilbertson*, 381 F.3d at 983 ("A pending appeal in the Oregon Court of Appeals is an ongoing state judicial proceeding."). The state custody proceedings implicate an important state interest and involve the state's interest in enforcing the orders and judgments of its courts. *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (applying *Younger* and holding that "family relations are a traditional area of state concern," and that states have a particularly "vital interest in protecting the authority" of its orders and judgments in the field of domestic relations (citation modified)). And "there is no reason to believe the Oregon Court of Appeals is an inadequate forum for [Plaintiff's] constitutional challenges." *Hsieh v. Multnomah Cnty. Dep't of Cmty. Servs.*, No. 3:20-CV-01758-MO, 2021 WL 46714, at *1 (D. Or. Jan. 5, 2021).

Accordingly, *Younger* abstention applies, and the Court should stay this case pending resolution of her appeal before the Oregon Court of Appeals. However, as discussed below, regardless of the outcome of Plaintiff's state appeal, Defendant has absolute judicial immunity from suit for the actions alleged in Plaintiff's Complaint. Therefore, "it would be pointless to stay Plaintiff's claims for monetary damages given that they are subject to dismissal." *Bey v. Gialketsis*, No. CV-16-02014-PHX-DJH, 2016 WL 9108758, at *7 (D. Ariz. Dec. 7, 2016); *see Gilbertson*, 381 F.3d at 982 n.18 ("We do not foreclose the possibility of a unique case where damages are sought and *Younger* principles apply but dismissal is indicated for some other reason. A damages claim that is plainly frivolous, for example, might not save an action.").

///

///

///

### III.    Absolute Judicial Immunity

Defendant argues that "judicial immunity bars all claims against [him] because these claims relate to actions the judge took while he had jurisdiction over Plaintiff's case." Def.'s Mot. 5. The Court agrees.

"It is well settled that judges are generally immune from suit for money damages." *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021). There are only two circumstances when judicial immunity does not apply: nonjudicial actions and judicial actions taken in the complete absence of all jurisdiction. *Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 915 (9th Cir. 2021). Here, because neither circumstance applies, Plaintiff's claims are barred by the doctrine of absolute judicial immunity.[3]

#### A.    Nonjudicial Actions

A nonjudicial action is an act "not taken in the judge's judicial capacity." *Acres Bonusing, Inc*, 17 F.4th at 915. Whether an act by a judge is judicial relates to the nature of the act itself: was it a "function normally performed by a judge, and to the expectations of the parties," and did the plaintiff deal with the judge in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). A judge retains absolute immunity from liability for judicial acts "even if [their] exercise of authority is flawed by the commission of grave procedural errors." *Id.*

---

[3] To the extent Plaintiff seeks injunctive relief against Defendant "to prevent the continuation of constitutional abuses[,]" Pl.'s Resp. 3, such request is also barred, *see* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Here, Plaintiff does not allege that a declaratory decree was violated or that declaratory relief, i.e., the ability to appeal Defendant's rulings, is unavailable. *See Weldon v. Kapetan*, No. 117CV01536LJOSKO, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018) ("The phrase declaratory relief in the current version of § 1983 refers to the ability of a litigant to appeal the judge's order.") (citation modified).

at 359; *see also* Mireles v. Waco, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is not overcome by allegations of bad faith or malice . . . .").

Here, Plaintiff's allegations all relate to actions taken by Defendant while presiding over Plaintiff's domestic relations case in Yamhill County Circuit Court. For example, Plaintiff alleges that Defendant, as "presiding judicial officer[,] demonstrated a pattern of judicial prejudice toward Plaintiff in prior proceedings . . . ." Compl. 6. Plaintiff also alleges that "Plaintiff was treated differently than similarly situated parents in custody or visitation disputes." Compl. 6. Finally, Plaintiff alleges that Defendant was acting in his "official capacity—presiding over cases, issuing orders, making rulings, [and] denying motions . . . ." Compl. 4. Accordingly, Plaintiff's allegations concern actions taken by Defendant in his judicial capacity; therefore, absolute judicial immunity applies.

      B.    <u>Complete Absence of all Jurisdiction</u>

Whether a judicial action is taken in the complete absence of all jurisdiction asks if, at the time the judge took the challenged action, the judge had jurisdiction over the subject matter. *See Stump*, 435 U.S. at 356 ("[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge."). Here, because Yamhill County Circuit Court is a court of general jurisdiction, Defendant did not act in the complete absence of jurisdiction in presiding over Plaintiff's domestic relations case. Accordingly, absolute judicial immunity applies.

## IV.   **Dismissal with Prejudice**

The Court is mindful that dismissal with prejudice, especially of a *pro se* plaintiff's complaint, is generally disfavored. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, as explained above, Plaintiff's claims are barred by absolute judicial immunity.

This deficiency cannot be cured by amendment; therefore, dismissal with prejudice is appropriate. *See Lucas*, 66 F.3d at 248 ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

## CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss [4] and DISMISSES Plaintiff's Complaint [1] with prejudice.

IT IS SO ORDERED.

DATED this 22nd day of September, 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge